IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNY DALE JENKINS,  )  <br> Petitioner,  ) <br> ) <br> v.  ) <br> ) <br> LORIE DAVIS, Director, Texas  ) <br> Dept. Of Criminal Justice, Correctional  ) <br> Institutions Division,  ) <br> Respondent.  ) | No. 3:16-CV-2117-L |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I. Type of Case**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Lorie Davis, Director of the TDCJ-CID.

**II. Statement of the Case**

Petitioner was convicted of nine counts of aggravated sexual assault of a child. *State of Texas v. Jenkins*, No. 31259 (13th Dist. Ct., Navarro County, Tex., Sept. 7, 2007). He was sentenced to nine life sentences, to be served consecutively.

On November 1, 2011, Petitioner filed his first § 2254 petition challenging his conviction. *Jenkins v. Thaler*, No. 3:11-CV-3002-D (N.D. Tex.). On November 28, 2012, the petition was denied on the merits.

On August 26, 2015, Petitioner filed his second § 2254 petition challenging his conviction. *Jenkins v. Stephens*, No. 3:15-CV-2786-D (N.D. Tex.). On September 24, 2015, the Court transferred the petition to the Fifth Circuit as successive. On December 8, 2015, the Fifth Circuit dismissed the petition.

On July 21, 2016, Petitioner filed the instant § 2254 petition. He claims he has new evidence of the suppression of a material fact by a juror and the prosecutor during voir dire.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under

§ 2254 is filed.

**IV. Recommendation**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 27 day of July, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).